UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MASTEL,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:17-cv-02390-KJN<br><br>ORDER |

Plaintiff Ernest Mastel seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally argues that the decision of the administrative law judge ("ALJ") is based upon legal error and is not supported by substantial evidence in the record. (See ECF No. 18.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 19.) Thereafter, plaintiff filed a reply brief. (ECF No. 20.) For the reasons discussed below, the undersigned recommends that plaintiff's motion for summary judgment be

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 13.).

GRANTED IN PART, the Commissioner's cross-motion for summary judgment be DENIED, the final decision of the Commissioner be REVERSED, and the case be REMANDED for further administrative proceedings consistent with this order.

I. BACKGROUND

Plaintiff was born on April 29, 1965; has completed the twelfth grade; is able to communicate in English; and previously worked as an industrial truck operator and laborer dealing with meat product.[2] (Administrative Transcript ("AT") 36, 1488.) On August 20, 2013, plaintiff applied for DIB, alleging that his disability began on June 8, 2012. (AT 22, 167.) Plaintiff claimed that he was disabled due to lumbar intervertebral disc, lumbar and sacroliliac neuro dysfunctions, fibrosis and neuropathy, sacralization of the L5 transverse, lumbar radiculopathy involving L5/S1 nerve root, anterolisthesis in L3 and L4, chronic 25% compression fracture of T12, 25% narrowing neural foramina, headaches, insomnia, and mild neck pain and stiffness. (AT 46.) The claim was denied initially on July 11, 2014, and upon reconsideration on April 23, 2015. (AT 22, 87-91, 95-101.) Thereafter, plaintiff filed a written request for a hearing and an ALJ conducted a hearing on September 20, 2016. (AT 22.) The ALJ subsequently issued a decision dated January 6, 2017, determining that plaintiff had not been under a disability as defined in the Act, from June 8, 2012, the alleged onset date, through the date of the ALJ's decision. (AT 22-38.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on September 25, 2017. (AT 1-4.) Plaintiff subsequently filed this action on November 13, 2017, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises two issues: (1) whether the ALJ improperly weighed the medical opinion evidence; and (2) whether the ALJ improperly discounted plaintiff's credibility.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

A. Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] Preliminarily, the ALJ determined that plaintiff met the insured

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the

status requirements of the Act through December 18, 2018. (AT 24.) At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since June 8, 2012, the alleged onset date of disability. (Id.) At step two, the ALJ found that plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine; left ulnar neuropathy; status post rotator cuff surgery; bilateral carpal tunnel syndrome; and obesity." (Id.) However, at step three the ALJ concluded that plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (AT 30.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC"), finding that plaintiff could perform light work as defined in 20 C.F.R. § 416.967(b), except that plaintiff:

> could stand and walk four hours in an eight hour workday; sit six hours in an eight hour workday; would need to alternate positions from sitting, standing, and walking every hour; occasional[ly] [perform] all postural function[s] except never climb ladders, ropes, and scaffolds; never crawl; frequently climb stairs and ramps; avoid hazardous moving vibrations; and frequent bilateral operation [of] foot controls.

(AT 30.) At step four, the ALJ determined that plaintiff is unable to perform any past relevant work. (AT 36.) However, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, RFC, and the vocational expert's testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed. (Id.) Thus, the ALJ concluded that plaintiff has not been under a disability, as defined in the Act, since June 8, 2012, through the date of the decision. (AT 37.)

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

B. Plaintiff's Substantive Challenges to the Commissioner's Determinations

    1. *Whether the ALJ improperly weighed the medical opinion evidence*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) there are contradictory opinions in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

////

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

| | |
|---|---|
| 1 | Here, plaintiff argues that the ALJ improperly discounted various opinions by treating and |
| 2 | examining medical providers. (ECF No. 18 at 4-13.) Notably, plaintiff asserts that "[t]he ALJ |
| 3 | failed to provide specific and legitimate reasons to reject the opinion of the agreed medical |
| 4 | examiner Douglas Drucker, PhD." (Id. at 4.) |
| 5 | On April 17, 2015, Dr. Drucker performed a psychological evaluation in connection with |
| 6 | plaintiff's worker's compensation claim. (AT 1129-80.) The claim arose out of a workplace |
| 7 | injury on June 8, 2012, which is the same date plaintiff alleges his disability began. (AT 22, |
| 8 | 1129.) Dr. Drucker diagnosed plaintiff with pain disorder associated with both psychological |
| 9 | factors and a general medical condition, dysthymic disorder, personality disorder not otherwise |
| 10 | specified, and loss of social, recreational and work activities. (AT 1170-71.) Specifically, he |
| 11 | opined that it is |

> within reasonable medical certainty that Mr. Mastel cannot work from a psychiatric perspective. This is documented by the presentation using the AMA [American Medical Association] Guidelines. There is significant deterioration in concentration, persistence and pace and deterioration of activities of daily living, sleep dysfunction, sexual dysfunction and a mid-level of self-care problems. His social life is significantly impaired. There is also deterioration in complex or work-like settings, as has been provided previously. Therefore, he is temporarily totally disabled on a psychiatric basis as of the dates of injury, most recently 6/8/12.

(AT 1175.)

Because this opinion was contradicted by other medical opinions in the record (see, e.g., AT 873-80, 46-63.), the ALJ was indeed required to provide specific and legitimate reasons to discount the opinion. Yet, the ALJ failed to discuss Dr. Drucker's opinion in any detail.

The ALJ summarily rejected all the opinions in the record that were generated as part of plaintiff's worker's compensation claim—including Dr. Drucker's opinion—because of how these opinions were generated. (AT 35.) The court notes that the ALJ accurately observed that the opinions and findings of disability generated during plaintiff's worker's compensation claim are not binding on the Social Security Administration when determining whether plaintiff is eligible for Social Security benefits, as the two programs are governed by different rules. See 20 C.F.R. § 404.1504; Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996).

However, even though such findings are not dispositive, the ALJ must consider these opinions as part of the entire record and may not ignore them in her decision, when they are significant and probative. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Dr. Drucker's opinion was not only a worker's compensation report, but it was also a lengthy report that considered plaintiff's medical history, subjective complaints, and Dr. Drucker's objective findings. (See AT 1129-80.)

Furthermore, Dr. Drucker's opinion is a psychological evaluation of plaintiff's mental impairments. Nevertheless, the ALJ did not discuss this opinion at all when assessing whether plaintiff has a severe mental impairment. (See AT 24-30.) The ALJ weighed numerous other opinions regarding plaintiff's mental functioning, but she did not include the opinion of Dr. Drucker as part of that discussion. (Id.) Rather, the ALJ merely cited to the pages containing Dr. Drucker's report and opinion as one of numerous undiscussed worker's compensation opinions that she summarily discounted, when determining plaintiff's physical RFC. (AT 30-36.) Thus, there is no indication that this opinion was actually considered. While such conclusory treatment may be appropriate for a report or opinion that is neither significant nor probative, it is not appropriate for Dr. Drucker's report in this matter.

Thus, the ALJ committed reversible error by failing to provide this opinion any degree of review. See Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012).

Moreover, "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947). Thus, even assuming that the ALJ could have discounted Dr. Drucker's opinion, the ALJ's failure to specifically discuss the opinion is not harmless error because the ALJ did not provide "specific and legitimate" reasons to discount it. Lester, 81 F.3d at 830.

Consequently, this the action is remanded for further consideration of all the medical opinion evidence, including Dr. Drucker's opinion.

////

////

7

### 2. *Plaintiff's remaining challenges*

Plaintiff further asserts that the ALJ improperly discounted plaintiff's credibility. (ECF No. 18 at 13-18.) However, because the ALJ erred when weighing the medical opinion evidence, her conclusion in this area is subject to reevaluation on remand. Thus, the undersigned declines to reach this issue at this juncture.

Finally, plaintiff argues that this case should be remanded for an award of benefits. (Id. at 12.) However, the Ninth Circuit has clearly held that courts "should remand for an award of benefits only in rare circumstances . . . where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations and quotation marks omitted.) Because the ALJ failed to make all the necessary findings of fact in the first instance, this matter does not warrant a remand for an award of benefits.

Importantly, the ALJ is not limited to simply considering Dr. Drucker's opinion on remand. Rather, the ALJ is free to develop the record in any other respects deemed appropriate, such as obtaining additional medical or vocational expert testimony. The court does not instruct the ALJ to credit any particular opinion or evidence on remand. Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, at any particular step on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is DENIED.
3. The final decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: January 31, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE