UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MASTEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:17-cv-02390-KJN<br><br><br>ORDER |

　　　　Presently pending before the court is counsel for plaintiff Ernest Mastel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 27.)¹  Plaintiff's counsel seeks an award of $31,247.25 (25% of plaintiff's past due benefits of $124,989.00 as calculated by the Commissioner of Social Security ["Commissioner"].)  On June 1, 2020, the Commissioner filed an advisory statement of non-opposition to plaintiff's counsel's request.  (ECF No. 30.)  After considering the parties' briefing, appropriate portions of the record, and the applicable law, the court grants the motion for attorneys' fees under 42 U.S.C. § 406(b).

BACKGROUND

　　　　The facts and procedural history of this case were extensively outlined in the court's

---

¹ This case was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge.  (ECF Nos. 6, 8, 22.)

1

previous orders and need not be repeated here.  (See, e.g., ECF No. 23.)  Briefly stated, on February 1, 2019, the court granted plaintiff's motion for a remand pursuant to sentence four of 42 U.S.C. § 405(g).  (Id.)  Following remand, on November 22, 2019, an administrative law judge ultimately issued a fully favorable decision, finding that plaintiff had been disabled as of June 8, 2012, and awarding past due benefits of $124,989.00.  (See  ECF No. 27-3, 27-4.)

On April 30, 2020 plaintiff's counsel filed a stipulated motion for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), which the court granted.  (ECF Nos. 25, 26.)  After the ALJ entered a favorable decision, plaintiff filed the instant motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 27.)

DISCUSSION

Title 42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The United States Supreme Court has held that auxiliary back benefits (benefits payable to the claimant's dependents) are included in the total amount of back benefits to be considered for purposes of attorneys' fees under 42 U.S.C. § 406(b).  Hopkins v. Cohen, 390 U.S. 530 (1968).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b).  Crawford v. Astrue, 586 F.3d 1142, 1144 n. 2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants.").  Indeed, in this case, the Commissioner filed an advisory response to the instant motion, indicating that it has no objection to the fee request.

(ECF No. 30.) However, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford, 586 F.3d at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined. The court noted that although the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Crawford, 586 F.3d at 1148. The Ninth Circuit observed that:

> In *Gisbrecht*, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, *Gisbrecht*, 535 U.S. at 808-09, 122 S.Ct. 1817. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, 122 S.Ct. 1817, "looking first to the contingent-fee agreement, then testing it for reasonableness," *id.* at 808, 122 S.Ct. 1817. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. *Id.* The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* at 807, 122 S.Ct. 1817.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("[T]he district court

3

must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall.").

In support of her motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's counsel attached their attorney-client agreement, which provided for a contingent fee of 25% of any past due benefits awarded in plaintiff's case pursuant to 42 U.S.C. § 406(b). (ECF No. 27-2.) The court also notes that plaintiff's counsel served a copy of the present motion on plaintiff and that plaintiff did not file any objections to counsel's fee request. (ECF No. 27.) Accordingly, the court has no reason to doubt plaintiff's counsel's representations regarding the fee agreement.

In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the Commissioner does not point to, and neither does the undersigned find, any indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits and continuing benefits. Furthermore, the total amount requested, $31,247.25, does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. In her briefing, plaintiff's counsel suggests her law office spent approximately 26.3 hours on the case, which equates to a rate of approximately $1,188.00 per hour. (ECF No. 27 at 12.) Counsel has attached a timesheet verifying these hours. (ECF No. 27-5.) While the court finds that hourly rate is much higher than prevailing rates in the Eastern District of California, the court nevertheless finds that the fee amount requested is reasonable in light of the several years of litigation, the contingency agreement, and the result achieved, and cannot be said to amount to a windfall to plaintiff's counsel.

For these reasons, the court awards plaintiff's counsel the requested amount of $31,247.25 in attorneys' fees under 42 U.S.C. § 406(b).

////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 27) is GRANTED.

2. The Commissioner shall pay plaintiff's counsel in this case the sum of $31,247.25 in attorneys' fees under 42 U.S.C. § 406(b).  The remainder withheld from the back benefits awardable to plaintiff, including any auxiliary back benefits, shall be disbursed to plaintiff.

3. Plaintiff's counsel shall reimburse plaintiff in the amount of $5,000.00 for EAJA fees previously paid by the Commissioner.

IT IS SO ORDERED.

Dated:  June 25, 2020

/2390.mast 406b

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE